IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JAMYIA RASHAD BROTHERS,**

**Petitioner,**

**v.**                                              **CRIMINAL ACTION NO. 2:11-cr-58(4)**

**UNITED STATES OF AMERICA,**

**Respondent.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Jamyia Rashad Brothers ("Petitioner") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("First Step Act"). Pet'r's Mot. Compass. Release, ECF No. 899 ("Pet'r's Mot."); *see also* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the reasons stated herein, Petitioner's Motion is **DENIED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

On April 8, 2011, Petitioner and his conspirators were indicted in a 59-count Indictment. ECF No. 3. The Court need not outline the facts of the underlying offense as they were described in a previous Order on Petitioner's Compassionate Release Motion. *See* ECF No. 820. In sum, Petitioner was charged in Counts 1 and 2 count with Racketeer Influenced and Corrupt Organizations (RICO) and RICO conspiracy, in violation of 18 U.S.C. §§ 1962(c) and (d), respectively, Count 22 with Assault with a Dangerous Weapon in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(3), Counts 23, 43-47, with Possession in Furtherance of a Violent Crime or Use or Carry a Firearm in Relation to a Crime of Violence, in violation of 18

U.S.C. § 924(c)(1), Counts 35-36 with Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(1), Count 37 with Attempted Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(5), Count 38 with Maiming in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1595(a)(2), Count 39 with Assault Resulting in Serious Bodily Injury in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(3), Counts 48-49 with Murder Resulting From the Use and Discharge of Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(j), Count 58 with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846, and Count 59 with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). ECF No. 3. On October 12, 2023, Petitioner pled guilty to Counts 43, 48, and 49. ECF No. 292. The Government later dismissed Count 43. ECF No. 900.

On January 10, 2012, the Court sentenced Petitioner to life imprisonment on both counts. ECF Nos. 427. Petitioner filed a Notice of Appeal on December 7, 2013. ECF No. 484. The Fourth Circuit denied the appeal. ECF No. 494. On June 27, 2016, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. ECF No. 503. The Court denied the Motion. ECF No. 551.

On August 24, 2020, Petitioner filed his first pro se Motion for Compassionate Release. ECF No. 649. On January 31, 2023, Petitioner filed the Motion for Compassionate Release through counsel. ECF No. 785. This Court denied Petitioner's Motion. ECF No. 820.

On February 7, 2024, Petitioner filed a Motion to Reduce Sentence under United States Sentencing Commission Amendment 821. ECF No. 836. On June 11, 2024, this Court denied the Motion because Petitioner was ineligible for a reduction under the Amendment. ECF No. 839.

This procedural history results in the instant Motion. On April 29, 2025, Petitioner filed a pro se Motion for Compassionate Release. ECF No. 870. On February 9, 2026, Petitioner filed

2

the instant Motion through counsel. Pet'r's Mot. On March 11, 2026, the Government filed a response in opposition. Resp't's Mem. Opp'n to Pet'r's Mot. Compass. Release, ECF No. 900 ("Mem. Opp'n"). Petitioner did not file a reply. Accordingly, this matter is ripe for judicial determination.

## II.    LEGAL STANDARD

### A.  The Threshold Requirement

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the BOP bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies.").

In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied). Moreover, the threshold requirement is a non-jurisdictional

3

claim-processing rule and thus may be waived or forfeited if not timely raised. *Id.* at 129-30 (collecting cases from sister circuits holding the same).

## B. The Compassionate Release Standard

As amended by the First Step Act, a court may modify a term of imprisonment by motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the First Step Act was passed, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. §1B1.13, cmt. 1(A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at cmt. 1(D). Use of the "catch-all provision" prior to the First Step Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

U.S.S.G. § 1B1.13 is now outdated, however, following the passage of the First Step Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020) ("[W]here the [Sentencing] Commission fails to act, then courts make their own independent determinations of what constitutes an 'extraordinary and compelling reason[]' under § 3582(c)(1)(A), as consistent with statutory language."). A petitioner's rehabilitation standing alone does not provide

sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i). Ultimately, compassionate release motions "ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other." *United States v. Hargrove*, 30 F.4th 189, 197 (4th Cir. 2022).

## III.  DISCUSSION

### A.  The Threshold Requirement

As an initial matter, the Court must address the issue of exhaustion. Petitioner cited to, and the Government provided documentation of, his request for compassionate release to the warden on March 14, 2024, and the warden's denial of Petitioner's request on May 1, 2024. Pet'r's Mot. at Ex. 2; Mem. Opp'n at 15-16. Therefore, Petitioner has exhausted his administrative remedies, and the Court will proceed to address the merits of Petitioner's Motion.

### B.  Petitioner's Compassionate Release Request

The Court now turns to whether Petitioner has set forth extraordinary and compelling reasons to reduce his sentence. Petitioner argues compassionate release is warranted because (1) he has served at least 10 years of his term of imprisonment, (2) he received an unusually long sentence, and (3) a change in the law has produced a disparity in his sentence. Pet'r's Mot. at 6. He also argues that the 18 U.S.C. § 3553(a) factors justify modifying his sentence from life imprisonment to a term-of-years sentence. *Id.* at 8. The Court will address each basis in turn.

1.  Extraordinary and Compelling Circumstances

Petitioner argues that his 14 years of time served, his unusually long sentence, and a change of law constitute "extraordinary and compelling circumstances." Pet'r's Mot. at 6.

The Court recognizes Petitioner has been incarcerated for 14 years, "satisfying the temporal threshold of § 1B1.13(b)(6)." *Id.* However, Petitioner received life sentences on both counts. ECF No. 427. Petitioner argues this sentence is "unusually long" but concedes that life sentences on his charges are still permissible within the current guideline range. Pet'r's Mot. at 7-8. Petitioner argues that "the percentage of defendants in this Circuit sentenced to life imprisonment cross referenced for first degree murder has continued to trend down." *Id.* However, trends alone cannot justify a sentence reduction. *United States v. Locust*, 771 F.Supp.3d 819, 830 (E.D. Va. 2025) ("[T]he court must balance these aggregated statistics against the obligation to analyze a defendant's individual circumstances when contemplating a sentence reduction."). Petitioner must identify a sufficient comparator against which to find a gross disparity warranting a reduction. *Id.*

As such, the Court has reviewed the nature of Petitioner's original offense. Petitioner was a member of the Bounty Hunter Bloods/Nine Tech Gangsters gang. He assisted his codefendant in a robbery over a dispute about a drug deal and Petitioner shot multiple victims, killing and disabling them. Petitioner received a significant sentence because he committed serious offenses resulting in serious bodily harm and death in an effort collect a debt from an illicit drug transaction. Given Petitioner's individualized characteristics and role in the offense, the Court does not find the sentence Petitioner received is unusually long, even considering today's sentencing trends. *Locust*, 771 F.Supp.3d at 830 (finding even where "life sentences may be less common today than when Defendant was sentenced . . . , the fact that Defendant's Life sentence remains within his adjusted Guidelines range militates against finding it is unusually long.").

The Court also does not find any change in law that creates a gross disparity between the sentence originally imposed and the sentence that would be imposed today. Petitioner notes the

6

underlying statute of conviction, 18 U.S.C. § 924(j), has not been substantively amended. *Id.* at 7. His change-in-law argument rests on the First Step Act, implemented in the time since Petitioner was sentenced, in conjunction with contemporary sentencing practices and trends for drug-related killings. *Id.* As referenced above, the Court has considered contemporary sentencing trends but finds that Petitioner's original sentence still falls within the guidelines and the sentence remains appropriate given the individual circumstances of the offense.

2.   18 U.S.C. § 3553(a) Factors and Rehabilitation

Petitioner argues that he "does not seek to relitigate" the issues the Court considered from his first Motion for Compassionate Release. Pet'r's Mot. at 3. Petitioner primarily relies on the "change of law" argument, though he submitted documents to update the Court on his rehabilitative efforts and bolster his Motion. The Court notes Petitioner has completed coursework in a variety of subjects while incarcerated. ECF No. 870-7. He has also significantly improved his disciplinary history since the Court last reviewed it with no incidents reported as of the most recently submitted report. *Id.*; *see* ECF No. 820 at 9.  Petitioner has undoubtedly committed to improving himself while incarcerated and the Court encourages Petitioner to continue on this positive trajectory.

However, upon review of the materials submitted regarding Petitioner's robust rehabilitative efforts, the Court maintains its position that Petitioner's rehabilitation, while commendable, does not qualify as extraordinary or compelling on its own or in combination with other bases for relief. *Id.* Therefore, the Court finds, at this point, the current sentence is not greater than necessary under the 3553(a) factors.

Therefore, the Court originally imposed a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. In balancing

the applicable § 3553(a) factors, the Court concludes those factors weigh against Petitioner's release at this time.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner has not shown an extraordinary and compelling reason to grant compassionate release. Petitioner's Motions for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF Nos. 870, 899 are **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to Petitioner, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

**IT IS SO ORDERED.**


Norfolk, Virginia
June 2 , 2026

Raymond A. Jackson
United States District Judge

8